United States District Court
Southern District of Texas
**ENTERED**
September 24, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT　　　　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Robbie Duane Cruise, § <br> Petitioner, § <br> § <br> v. § <br> § <br> Bobby Lumpkin, § <br> Director, Texas Department § <br> of Criminal Justice, Correctional § <br> Institutions Division, § <br> Respondent. § | Civil Action H-21-705 |

# Report and Recommendation

Robbie Duane Cruise filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for failure to comply as a sex offender. (D.E. 1.) Respondent Bobby Lumpkin filed a motion for summary judgment. (D.E. 16.) Cruise filed a motion to strike the Respondent's motion for summary judgment (D.E. 19) and a motion for summary judgement (D.E. 23), both of which the court construes as Cruise's response to the Respondent's motion for summary judgment. The court recommends that Lumpkin's motion for summary judgment be granted, that Cruise's motion for summary judgment be denied, and that Cruise's petition be dismissed with prejudice as time-barred and without merit. All other motions are denied.

*1. Background*

On February 24, 2010, Cruise pleaded guilty to failure for comply as a sex offender in the 263rd District Court of Harris County, Texas. (D.E. 17-4 at 1.) On the same date, the court sentenced Cruise to ten years in prison pursuant to a plea agreement. (D.E. 17-4 at 98.) Because Cruise pleaded guilty and waived his right to appeal, the court did not give him permission to appeal. *Id.* at 99.

More than ten years later, on July 3, 2020, Cruise filed a state application for writ of habeas corpus. (D.E. 17-4 at 20.) On December 30, 2020, the Texas Court of Criminal Appeals (TCCA) dismissed the application without written order as noncompliant. (D.E. 17-3.) Cruise filed his federal habeas petition on February 23, 2021. (D.E. 1.)

Cruise asserts the following grounds for relief: "(1) He was denied access to counsel and effective assistance of counsel; (2) He was denied due process and a fair proceeding because the prosecution ignored official court documents and because his conviction was in violation of the Ex Post Facto clause of the Constitution; and (3) the Texas penal system illegally applied new Government Code provisions to him, thus denying him eligibility for mandatory supervision and eligibility for street time credit when his parole was revoked." *Id.* at 6–7.

1. *Cruise's first two claims and part of his third claim are time-barred.*

    A. *Statute of Limitations under 28 U.S.C. § 2244*

    The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

    > (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
    >
    >     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    >
    >     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    >
    >     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

As to Cruise's first two grounds, the limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Because Cruise waived his right to appeal his sentence, it became final on February 24, 2010, the date that he pleaded guilty and was sentenced. *See Chacon v. Stephens*, No. 4:13-CV-2184, 2014 WL 3543722, at *3 (S.D. Tex. July 14, 2014) (quoting *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Galindo v. Thaler,* No. V-08 56, 2010 WL 774170, at *2 (S.D. Tex. Mar. 2, 2010)). Absent tolling, the deadline for Cruise to file his federal habeas petition was February 25, 2011. Because he did not file his federal petition until a decade later, it is untimely.

Part of Cruise's third claim challenging the denial of street-time credit eligibility is also time-barred by the one-year limitation period. Claims predicated on parole decisions fall under subsection 2254 (d)(1)(D), so generally the limitations period would begin when the factual predicate of the claim could have been discovered. *Goodwin v. Dretke*, 150 F. App'x 295, 298 (5th Cir. 2005). Cruise could have discovered the factual predicate of his claim, that is, the denial of street time credit toward his revocation sentence, when his parole was revoked in May 2018[1]. Absent tolling, the one-year limitations period ended in May 2019 for Cruise's parole violation. *Id.*

---

[1] It is unclear from the record the date when Cruise's parole was actually revoked, but he states in his federal habeas petition that he was returned to prison in May 2018. (D.E. 1 at 9.)

3

Case 4:21-cv-00705 Document 24 Filed on 09/24/21 in TXSD Page 4 of 7

Again, because he did not file his federal petition until July 3, 2020, it was untimely.

### B. Statutory Tolling

Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending does not count toward the one-year limitations period. "[A] state habeas petition is 'pending' for the purposes of tolling under § 2244(d)(2) on the day it is filed through (and including) the day it is decided." *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009). Cruise's state habeas application is deemed filed on the date he mailed it. *See Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013). Cruise signed and dated his state habeas application on July 3, 2020. (D.E. 17-4 at 20.) On December 30, 2020, the TCCA dismissed Cruise's state petition as non-compliant with the Texas Rule of Appellate Procedure 73.2. (D.E. 17-3.) Cruise's state habeas petition was not "properly filed" for purposes of § 2244(d)(2) because the TCCA determined the application failed to comply with the Texas Rules of Appellate Procedure 73.2. *Edwards v. Dretke*, 116 F. App'x 470, 471 (5th Cir. 2004); *Whitlock v. Quarterman*, No. 06-11066, 2008 WL 3244282, at *1 (5th Cir. Aug. 8, 2008). Thus, Cruise is not entitled to statutory tolling. *Edwards*, 116 F. App'x. at 471; *cf. North v. Davis*, 800 F. App'x 211, 214 (5th Cir.), *cert. denied*, 140 S. Ct. 2767, 206 L. Ed. 2d 940 (2020) ("[A] petition dismissed by the TCCA for noncompliance with Rule 73.1 is not properly filed and does not toll AEDPA's limitations period."). Moreover, when, as here, a state habeas petition is filed after the statute of limitations has expired it does not toll the statute of limitations, even if properly filed. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

### C. Equitable Tolling

The court may allow an untimely case to proceed if the facts present "sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Exceptional circumstances may include a situation where the

petitioner was "actively misled" by the respondent "about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogration on other grounds recognized by Richards*, 710 F.3d at 578–79). To warrant tolling, a petitioner must also demonstrate that he diligently pursued his rights despite the extraordinary circumstances that stood in his way. *Id.* A petitioner bears the burden to show that equitable tolling should apply. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (*modified on partial rehearing by* 223 F.3d 797 (5th Cir. 2000)).

There is no evidence to suggest that equitable tolling should apply. Cruise argues that he is entitled to equitable tolling because he did not discover the "constitutional violation of ex post facto laws, as applied to him, through due diligence upon his return to prison for a parole violation in 2018, and evidence found in the state's proposed original answer" in response to his state habeas petition filed on July 13, 2020[2]. (D.E. 1 at 9.) Cruise was on notice of any ineffective assistance of counsel or unfairness associated with his conviction on the day he was sentenced. Cruise's arguments about equitable tolling appear to relate only to his third claim. Again, he would have been on notice that he was denied street time credit upon return to prison. In any event, Cruise presents no evidence to show that equitable tolling should apply.

2. *Cruise's third claim is meritless*

Cruise's third claim is meritless and the court recommends it be dismissed summarily pursuant to Rule 4 of the Rules Governing Section 2254 Cases for the reasons set forth below[3].

In his third claim, Cruise alleged that the "Texas penal system illegally applied new government codes" to him resulting in a "denial

---

[2] This is the date the clerk of court filed the habeas petition.
[3] The Respondent does not argue the merits of Cruise's third claim. Respondent argues only that the third claim is unexhausted. The court may reach the merits of an unexhausted claim. 28 U.S.C. § 2254(b)(2). The court does so and recommends that claim three be dismissed summarily as meritless.

of mandatory supervision eligibility and street-time credit because of a retrospective conviction." (D.E. 1 at 7.) He further alleges that the application of the law to him violates various of his constitutional rights, including his right to due process. *Id.*

Cruise had no liberty interest in street-time credit unless it was guaranteed to him by Texas state law. *Rhodes v. Thaler*, 713 F.3d 264, 266 (5th Cir. 2013). Under Texas law, eligibility for street-time credit is determined by the statute in effect at the time parole is revoked. *Archie v. Davis*, No. 4:16-CV-2204, 2017 WL 6761926, at *8 (S.D. Tex. Sept. 28, 2017) (citing *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009)). Prior to September 2001, forfeiture of street-time credit was an automatic consequence of parole revocation under section 508.283 of the Texas Government Code. *Id.* (citing *Ex parte Spann*, 132 S.W.3d 390, 393 (Tex. Crim. App. 2004)). In 2001, § 508.283 was amended to specify that certain violent offenders forfeit street-time credit if their parole is revoked. *Id.* That was the state of the law in 2018 when his parole was revoked. (D.E. 17-4 at 134.) Texas Government Code § 508.283 states in relevant part:

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

TEX. GOV'T CODE § 508.283(b).

The incorporation of Texas Government Code § 508.149(a) into § 508.283 (b) invokes the version of § 508.149(a) current at the time of revocation. *Ex parte Noyola*, 215 S.W.3d at 867 (holding the legislature intended the two sections to "work in tandem when determining whether an inmate is eligible for street-time credit"). The version of § 508.149(a) in effect in 2018, when Cruise was revoked, states in pertinent part: "An inmate may not be released to mandatory supervision if the inmate is serving a sentence for *or has been previously convicted of . . . a felony under Section 22.011*, Penal Code." TEX. GOV'T CODE § 508.149(a)(6) (emphasis added). Texas

6

Penal Code § 22.011 pertains to the crime of sexual assault. Because Cruise has a prior conviction of sexual assault (D.E. 17-4 at 174), he falls under § 508.149 and is thus not entitled to street time credit under § 508.283.

Cruise also argues that he was improperly denied release to mandatory supervision. But he is not entitled to mandatory supervision for the same reason he is not entitled to street time credit. That is, he has a prior conviction for sexual assault. See TEX. GOV'T CODE § 508.149.

Because Texas state law precluded Cruise from any entitlement to either street time credit or mandatory supervision, Cruise has not been denied any state-created liberty interests, and thus was not denied due process.

*3. Conclusion*

The court recommends that Lumpkin's motion for summary judgment be granted, that Cruise's motion for summary judgment be denied, and that Cruise's petition for writ of habeas corpus be dismissed with prejudice as time-barred and meritless. All other motions are denied.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72.

Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th *Cir.* 1988).

Signed at Houston, Texas, on September 24, 2021.

Peter Bray
United States Magistrate Judge